| 2r | 95 |
| 120 | 670 |

## Louis Pilié *v.* Henry B. Kenner.

The subpœna for a witness having been returned not executed, plaintiff's attorney made oath .that, as soon as he learned that it had not been served, he applied to the landlady in whose house the witness had resided, and was informed that he had left without paying the rent, and that she could not tell where he had gone   *Held*, that the absence of the witness was sufficiently accounted for, and that his testimony taken in another suit might be read on the trial.

Where a witness is illiterate, or his statements appear extraordinary, evidence may be introduced to sustain his testimony, by showing that he made the same statements at the time of the transaction, though no attempt had been made to impeach his evidence or character.

The decision of the lower court as to the admission or rejection of a witness, not introduced at the regular time, will be affirmed, unless the discretion allowed in such causes appears clearly to have been incorrectly exercised.

This was an action before the Commercial Court of New Orleans, *Watts*, J., against the defendant as endorser of a note for $2550 50 drawn by one Hall. A judgment by default having been confirmed, the defendant appealed, and the case was remanded in December, 1840, on account of illegality in the citation, for further proceedings. See 16 La. 572. On the return of the case the defendant answered, acknowledging his endorsement on the

Pilié v. Kenner.

note, but averring that it had been fraudulently raised from $250 to the amount sued for. There was a verdict and judgment for the plaintiff, from which the defendant has appealed.

Martin, J. This case is before us on three bills of exception. The first is to the admission of the testimony of Fisher, taken in a former case between the present defendant and another plaintiff. The testimony was offered on the production of a subpœna for Fisher not executed, and the affidavit of McHenry, plaintiff's attorney, that after he learned that the subpœna had not been served on Fisher, he applied to Mary C. Quirk, in whose house Fisher last resided, and was informed, that he had left the house without paying the rent, and that she could not tell where he was gone. The reading of the testimony was objected to, on the ground that the absence of Fisher from the court was not sufficiently accounted for ; and particular objections were made to the reading of that part of the testimony which related to a conversation between Fisher and Mary C. Quirk. The attorney likewise objected to the examination of Mary C. Quirk as a witness, so far as related to the above conversation, on the ground that it took place in the absence of the defendant ; that no part of it was on oath ; and that the plaintiff could not discredit Fisher, his own witness, nor support his character or evidence by proving what he said to Mary C. Quirk, especially as neither his evidence nor character were impeached. These objections were overruled, on the ground that the plaintiff might sustain the statement or evidence of Fisher, by showing that he had stated the same to Mary C. Quirk. The court considered the showing sufficient to admit the testimony of Fisher, and that, although it is not usual to attempt to sustain an unimpeached witness, yet when he is illiterate, or his statement extraordinary, that it may be shown that he made the same statement at the time of the transaction.

Another bill of exceptions, is to the rejection of Barringer as a witness. After both parties had closed their testimony the plaintiff proceeded to offer rebutting evidence, when the defendant introduced Barringer as a witness, who was objected to on the ground that it was too late. The objection was sustained, the court being of opinion that the defendant having previously offered a witness for the same purpose, who had been rejected, could

Pilié v. Kenner.

not in a protracted trial, be permitted at such a period to introduce another witness for the object in view, to wit, to prove that on the day of the protest of the note, the defendant did not reside in the house at which the notice was left.

The last bill of exceptions is to the rejection of Williams, a witness offered by the defendant. The court having adjourned after all the evidence had been closed, on the opening of the court on the following day, and before the argument commenced, this witness was offered. The court was of opinion that it was too late, observing that the point as to the regularity of notice of protest was made at the opening of the case; that the case had been before the court during three days; that it was extraordinary that the defendant should rely for proof of his residence, on a colored woman his concubine; and that there were circumstances in the case which indisposed the court to open it, after the *pinch* of the case had been discovered.

*Pilié* and *McHenry*, for the plaintiff.

*I. W. Smith*, for the appellant. 1. The court erred in rejecting the testimony of Barringer and Williams. The testimony of Barringer was offered before the argument had commenced, and defendant had a right to introduce it. In *Buel* v. *Steamer New York*, 17 La. 544, where the lower court had rejected testimony offered after the parties had closed their evidence, the Supreme Court say, " we think the judge erred. The 484th article of the Code of Practice, says expressly, that it is only *after the argument has commenced* that no witness can be heard without the consent of all parties; and we are unable to discover any reason, why the court *a qua* should have rejected this evidence which was produced *before commencing the argument*, although the parties may have previously said that their evidence was closed." Here neither had stated that his evidence was closed. Why should not testimony be received after the argument has commenced? In *Toulman* v. *Elliott*, 15 La. 229, this court declared that " the reason of this is clearly to induce parties to present at once all their evidence, by depriving them of the means of eking it out ' by *interrupting the argument* for the introduction of the same or other witnesses, or of documents." In *Richardson* v. *Debuys and Longer*, 4 Mart. N. S. 130, testimony was received, with the approbation

of this court, after the argument had commenced. In *Dicks* v. *Cash*, 7 Ib. 363, it was decided that art. 484 of the Code of Practice applied only to trials on the merits ; and that on the trial of exceptions a party had the right to adduce new evidence, even after the argument had commenced.' From these decisions, we infer, *first*, that the restrictions imposed on the introduction of such testimony is that it shall not interrupt the argument ; *second*, that even after the argument has commenced, the judge may, in the exercise of his legal discretion, receive other testimony ; *third*, that in this case the testimony does not fall within the exception laid down by the Code of Practice ; and that the judge erred in rejecting the offered testimony.

2. The court below erred in rejecting the testimony of Quirk. She testifies to a previous conversation between herself and Fisher in the absence of the defendant. A party cannot support his own witness by proof of his previous statements, when not under oath. *Dismukes et al.* v. *Musgrove*, 8 Mart. N. S. 375. *Pijeau* v. *Beard*, Ib. 405. *Perillat* v. *Peuch*, Ib. 671.

3. The court below erred in receiving the testimony of Fisher. He was present on a former trial. The witness must be present, or his testimony be regularly taken by commission.

MARTIN, J. I. On the first bill, we think the judge did not err. The reading of the testimony was not objected to, on the ground that it was given in a suit between different parties. The inability of the plaintiff to procure the attendance of Fisher, as a witness, after having used all the means in his power, was sufficiently shown ; and the reasons which the judge *a quo* gave for the admission of the statement, appear to us cogent.

II. Where a witness is not introduced in the regular order, we always support the decision of the inferior judge, unless the discretion, which he has in such instances, clearly appears to have been incorrectly exercised. There is nothing to induce the belief that it was so in the present case.

III. On the third bill, we do not think that the judge erred ; what we have just said applies with equal, and perhaps greater force, to his opinion on the rejection of Williams.

*Judgment affirmed.*